IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| RACHEL HERNANDEZ,<br>*Plaintiff,* | § § § | |
| v. | § § § | P:24-CV-00056-DC |
| DOLGENCORP OF TEXAS, INC.,<br>D/B/A DOLLAR GENERAL;<br>*Defendant.* | § § § § | |

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Defendant Dolgencorp of Texas, Inc.'s Motion for Summary Judgment (Doc. 14.) Through it, Defendant seeks summary judgment on Plaintiff's claims of premises liability and gross negligence, arguing that both fail as a matter of law because the condition that caused Plaintiff's injuries—a cardboard box in a store aisle—was open and obvious. So obvious, says Defendant, that no reasonable shopper could have missed it.

The incident occurred at a Dollar General store in Alpine, Texas. The box, visible and unhidden, sat squarely in the path of customers. Plaintiff, however, didn't see it.

According to her, she was focused on merchandise placed at eye level to her front left, which diverted her attention just long enough to miss what was directly in her path. She then tripped and fell. (Doc. 16 at 1.) And so came this suit.

Defendant contends that under Texas law, the open and obvious nature of the hazard defeats liability. Whether that legal conclusion follows from the facts—as they are properly viewed at summary judgment—is the question now before the Court.

A photo of the box is included below.



Under Texas law, a store owes its invitees—for example, customers—a duty "to exercise reasonable care to protect them from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). But that duty, of course, has limits. A store is not generally an insurer of its customers' safety. *McElhenny v. Thielepape,* 285 S.W.2d 940, 941 (Tex. 1956).

To recover damages in a slip-and-fall case like this one, Plaintiff must show four things: (1) actual or constructive knowledge of the condition on the premises by Defendant;

(2) that the condition posed an unreasonable risk of harm; (3) that Defendant didn't exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to do so proximately caused Plaintiff's injuries. *Gonzalez*, 968 S.W.2d at 936 (internal citations omitted).

Defendant challenges Plaintiff's ability to prove the second and third elements. Its argument, in essence, is that the condition was not unreasonably dangerous—and that it had no duty to warn or intervene because the box was open, obvious, and avoidable. (Doc. 14 at 5.)

### I. The Condition was Open and Obvious

As Defendant notes, federal courts applying Texas law have repeatedly found that "unobstructed, stationary objects, including cardboard boxes in store aisles, are open and obvious as a matter of law." *Id.* at 6 (collecting cases); *Maldonado v. AEP Texas Inc.*, No. 2:22-CV-00160, 2023 WL 5687023, at *3 (S.D. Tex. July 10, 2023). In *Adley v. Kroger Texas, L.P.*, for instance, a plaintiff tripped over a clearly visible box in the freezer aisle. There, the court found the condition to be open and obvious. 2021 WL 2474156, at *3 (N.D. Tex. 2021). Similarly, in *Blankinship v. Dolgencorp of Texas, Inc.*, a large, unobscured, and stationary box—much like the one here—was held to present no unreasonable risk because it was clearly visible. 2024 WL 1235580, at *2–3 (S.D. Tex. 2024).

Defendant argues this case is no different. The box was not hidden, obstructed, or camouflaged in any way. It was stationary and conspicuous. A reasonably prudent person would have seen it and walked around it. No warning was required, and no duty existed. (Doc. 14 at 6.) Therefore, Plaintiff's premises liability claim must fail.

3

Plaintiff disagrees.[1] She argues that the box was not open and obvious because it was low to the ground—less than one foot high—and similar in color to the floor. (Doc. 16 at 3.) And no warning, verbal or otherwise, was provided. (*Id.*)

The Court isn't persuaded. The photo submitted with Defendant's Motion shows exactly what Defendant claims: a large, unmistakable box lying squarely in the aisle. It doesn't blend into the floor. It's not hidden behind merchandise. And it's not surrounded by clutter or shadow. It's just there—in plain sight. A person paying attention to where she was walking could have avoided it. A person not paying attention, perhaps not. But that distinction matters here.

The law doesn't require a landowner to guard against every potential misstep or moment of inattention. It requires only reasonable care under the circumstances. This box—a visible, unobstructed object in the middle of an aisle—did not create an unreasonable risk of harm.

The condition was open and obvious. And that makes the duty question open and shut.

## II.   The "Necessary Use" Exception Doesn't Apply

Plaintiff next throws a Hail Mary by arguing that the "necessary use" exception should apply. (Doc. 16 at 6.) Under Texas law, that exception arises only where (1) it was necessary that the invitee use the unreasonably dangerous area; and (2) the owner should

---

[1] In support of its position, Plaintiff cites two inapposite cases. First up is *Armendariz v. Wal-Mart Stores, Inc.*, 721 Fed. Appx. 368, 371 (5th Cir. 2018). There, the Fifth Circuit reversed a finding that a pallet tucked under a merch display was open and obvious. Next, it cites *Oliver v. Wal-Mart Stores Tex., LLC*, 748 F. Supp. 3d 433, 439 (N.D. Tex. 2024), a case in which the Court found that liquid on the ground was not open and obvious. Liquid and a pallet tucked beneath a display are hardly comparable to a large box lying in the middle of an aisle.

have anticipated that the invitee would be unable to avoid the risk, despite being aware of it. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

But even assuming that it was "necessary" for Plaintiff to use the aisle where the box was placed, the argument fails at the second step. Plaintiff has offered no evidence that she could not avoid the risk—nor that Dollar General should have expected as much. And again, the risk here was not unreasonable to begin with.

### III.    Plaintiff's Gross Negligence Claim Fails

Because no duty existed under premises liability, Plaintiff's gross negligence claim fails as well. Gross negligence requires a showing of an "extreme risk," and a conscious indifference to that risk. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). That standard cannot be met where no duty was breached and the condition at issue was not legally dangerous.

### IV.    Conclusion

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, there is no dispute about what the condition was, where it was, or how visible it was. The legal consequences of those facts are clear.

Accordingly, summary judgment is **GRANTED**. And with that, the case is resolved.

A final judgment will issue subsequent to this Order.

It is so **ORDERED**.

SIGNED this 3rd day of September, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE